*E-Filed: September 19, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| MARTIN TAPIA and MARIA DEL CARMEN VARGAS, | No. C13-02697 HRL |
|---|---|
| Plaintiffs, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | |
| LNS JANITORIAL LLC; et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | **[Re: Docket No. 31]** |

In June 2013, Martin Tapia and Maria Del Carmen Vargas brought this suit against JNS Janitorial LLC, Pedro Ayala, and Alfonso Arellano dba Clean View Janitorial Service under the Fair Labor Standards Act and supplemental California state law claims. Plaintiffs move for default judgment against Arellano. Dkt. No. 31. The motion is deemed suitable for determination without oral argument. The September 23, 2014 hearing is vacated. Civ. L.R. 7-1(b). Because not all parties have consented to the undersigned's jurisdiction, the undersigned orders that the case be REASSIGNED to a district judge. For the reasons stated below, the undersigned recommends that the motion be GRANTED.

## BACKGROUND

Defendants provide janitorial services to various businesses. Here, LNS Janitorial was a contractor hired to provide janitorial services, and hired subcontractors such as Arellano to perform those services. Tran Decl. ¶ 2.

In 2008, Arellano hired Plaintiffs to perform janitorial work. Tapia Decl. ¶ 2; Vargas Decl. ¶ 2. During the time period within the statute of limitations, they spent the majority of their work hours cleaning the Elephant Bar in Cupertino. Tapia Decl. ¶ 2; Vargas Decl. ¶ 2. They typically worked from midnight to 8:00 a.m., seven days a week. Tapia Decl. ¶¶ 2-3; Vargas Decl. ¶¶ 2-3. There were no time records.

Plaintiffs were compensated by a bi-monthly salary. Tapia Decl. ¶ 4; Vargas Decl. ¶ 4. Arellano paid Plaintiffs $650 twice a month from June 2009 to November 2009, $690 twice a month for December 2009, and $700 twice a month from January 2010 to March 2012. Tapia Decl. ¶ 4; Vargas Decl. ¶ 4. In March 2012, LNS became Plaintiffs' direct employer. Tapia Decl. ¶ 4; Vargas Decl. ¶ 4.

Plaintiff filed suit on June 12, 2013. The complaint asserts seven claims: (1) failure to pay all wages owed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 255(a); (2) failure to pay all wages owed in violation of California Labor Code §§ 510, 1194, and 1194.2; (3) failure to provide compliant rest breaks in violation of California Labor Code § 226.7 and Wage Orders; (4) failure to provide meal periods or compensation in lieu thereof in violation of California Labor Code § 226.7 and Wage Orders; (5) waiting time penalties under California Labor Code § 203; (6) failure to provide compliant wage stubs in violation of California Labor Code § 226; and (7) unfair competition in violation of California Business and Professions Code §§ 17000 *et seq*. Dkt. No. 1.

Arellano was served on June 23, 2013. Dkt. No. 8. Arellano did not file an answer.[1] Plaintiffs filed a request for entry of default on November 12, 2013. Dkt. No. 10. Default was entered against Arellano on November 19, 2013. Dkt. No. 14. Plaintiffs now move for default judgment against Arellano. Dkt. No. 31. Plaintiffs seek $64,353.27 each, for a total of $127,706.54.

## LEGAL STANDARD

Generally, a party is in "default" if the party has failed to plead or "otherwise defend" in a timely fashion to a pleading seeking affirmative relief against the party. Fed. R. Civ. P. 55(a).

---

[1] LNS Janitorial LLC and Pedro Ayala previously appeared in this action and entered into a settlement with Plaintiffs.

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## DISCUSSION

### A. Entry of Default Judgment

The *Eitel* factors favor entry of default judgment here. First, Plaintiffs' claims have merit, and all are sufficiently pled. In regards to the first and second claims, the FLSA and California Labor Code require Arellano to compensate Plaintiffs at their overtime rate for their overtime hours. 20 U.S.C. §§ 297, 216(b), 255(b), 255(a); Cal. Lab. Code §§ 1194(a), 1815. Plaintiffs allege that they were paid by a salary, rather than by the hour. Compl. ¶¶ 8, 14, 21. Because salary payments account only for regular non-overtime hours, Plaintiffs' overtime hours were uncompensated. *See Russell v. Wells Fargo & Co.*, 672 F. Supp. 2d 1008, 1016-17 (N.D. Cal. 2009); Cal. Lab. Code § 515(d)(2).

In regards to the third and fourth claims, ten-minute paid rest breaks must be provided for every four-hour work period, or major fraction thereof. IWC Wage Order 5-2001; s*ee also Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1028 (2012). Meal breaks must be provided "no later than the end of an employee's fifth hour of work, and a second meal period no later than the end of an employee's 10th hour of work." *Brinker*, 53 Cal. 4th at 1041. Plaintiffs allege that they were prevented from taking meal and rest breaks because there was no one who could relieve them. Compl. ¶¶ 9, 39.

1  In regards to the fifth claim, waiting time penalties under California Labor Code § 203 are assessed if Plaintiffs were not paid for all the wages they were due upon the end of their employment.  Plaintiffs allege that Arellano failed to pay Plaintiffs all wages owed upon the end of their employment.  Compl. ¶ 49.

In regards to the sixth claim, Arellano was required to provide Plaintiffs with itemized wage statements that state their rates of pay, hours worked, and all deductions, among other information. Cal. Lab. Code § 226.  Plaintiffs allege that they were not issued proper wage stubs.  Compl. ¶ 10.

In regards to the seventh claim, Plaintiffs allege that Arellano engaged in unfair competition by committing acts prohibited by the California Labor Code and applicable Wage Orders.  *Id.* ¶ 54.

The court finds that Plaintiffs have adequately pled each of their claims for relief.  Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Second, there can be no dispute over material facts because all liability-related factual allegations are taken as true.  Third, Plaintiffs would be prejudiced if default is not entered because Arellano has refused to participate in this action since it was filed over a year ago, and Plaintiffs have no other avenue for relief.  Fourth, there is no evidence that Arellano's failure to appear and defend himself is due to excusable neglect.  Fifth, while the Federal Rules of Civil Procedure favor judgments on the merits, Arellano's refusal to participate in this litigation renders such a decision impossible.  Sixth, Plaintiffs request $64,353.27 each, for a total of $127,706.54.  This is significantly less than the amount sought in *Eitel*.  *See Eitel*, 782 F.2d at 1472 (seeking almost $3 million in damages).

Accordingly, all of the *Eitel* factors weighing in favor of Plaintiffs' application, the Court recommends that Plaintiffs' motion be granted.

**B. Relief Requested**

Plaintiffs seek backpay, liquidated damages, interest, noncompliant meal and rest break premiums, and waiting time penalties.  The Court will address each of these in turn, as well as discuss penalties for failure to provide compliant wage stubs and attorneys' fees and costs.

4

1. Backpay, Liquidated Damages, and Interest

Because Arellano failed to pay Plaintiffs overtime wages, they are entitled to those wages and interest. *See* 20 U.S.C. § 201; Cal. Lab. Code §§ 510, 1194. Because there are no time records, Plaintiffs have reconstructed their work hours to the best of their ability. *See* Tran Decl. ¶¶ 6-7. The Court may rely on Plaintiffs' best estimate of the hours they worked. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs worked 56 hours per week. Tran Decl. ¶ 7. Sixteen of those hours were overtime for which they were not compensated. *Id.* Plaintiff's bi-monthly salary breaks down to $7.50 per hour for June 2009 to November 2009, $7.96 per hour for December 2009, and $8.08 per hour for January 2010 to March 2012.[2] *Id.* ¶ 9. Plaintiff have shown that at these rates, they are each entitled to $27,203.72 in unpaid wages, for a total of $54,407.44. *Id.* ¶ 11.

In addition, an employer who violates the overtime law is liable not only for the unpaid overtime compensation but also for an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Liquidated damages are mandatory unless the employer establishes both subjective and objective good faith in its violations. *See* 29 U.S.C. § 260; *see also Local 246 Utility Workers Union of Am. v. S. Cal. Edison Co.*, 83 F.3d 292, 297-98 (9th Cir. 1996). Because the FLSA has a three-year statute of limitations, Plaintiffs' claims for liquidated damages is limited to the three years prior to the filing of the Complaint on June 12, 2013. *See* 29 U.S.C. § 255. Plaintiffs have shown that they are each entitled to $17,463.60 in liquidated damages, for a total of $34,927.20, which is equal to the amount of unpaid wages solely under the FLSA. Tran Decl. ¶ 12.

For the unpaid wages occurring in the year beyond the FLSA's and the California Labor Code's statute of limitations, Plaintiffs claim interest at a rate of 10% per year. Cal. Civ. Code § 3289(b). Plaintiffs have shown that they are each entitled to $3,984.41 in interest, for a total of $7,968.82. *See* Tran Decl. ¶ 13.

///

---

[2] The FLSA and California Labor Code each have a statute of limitations of three years. 29 U.S.C. § 255 (three-year statute of limitations for willful violations of the FLSA); Cal. Civ. Proc. Code § 338. Plaintiffs' claim for unfair competition permits them to recover unpaid wages for an additional year. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq.*; *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177-78 (2000) ("[O]rders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by section 17203.").

### 2. Noncompliant Meal and Rest Break Premiums

An employer who fails to provide a compliant meal or rest break must pay the employee an additional hour of pay for each day when this violation occurred. IWC Wage Order 5-2001(11)(B), (12)(B). Plaintiffs have shown that based on the hourly rates set by the salary they were paid, as discussed above, they are each entitled to $6,881.54 in premiums for noncompliant meal breaks, and an identical amount for noncompliant rest breaks. Tran Decl. ¶ 15. This totals $27,526.15 for meal and rest break premiums for both Plaintiffs. *Id.*

### 3. Waiting Time Penalties

California Labor Code § 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

Plaintiffs have shown that based on the hourly rate set by the last salary they were paid before their employment ended, they are each entitled to $1,938.46 in waiting time penalties, for a total of $3,876.92. Tran Decl. ¶ 14.

### 4. Penalties for Failure to Provide Compliant Wage Stubs

Each pay period where Arellano failed to provide compliant wage stubs is penalized at $50 for the initial violation and $100 for each subsequent violation, for a maximum of $4,000. Cal. Lab. Code § 226. Plaintiffs are entitled to recover this penalty or the actual amount of wages owed, whichever is greater. Because the actual amount of wages owed is greater, the Court will not award this penalty.

### 5. Attorneys' Fees and Costs

Under the FLSA and California Labor Code, Plaintiffs are entitled to recover attorneys' fees and costs. However, Plaintiffs do not seek attorneys' fees and costs. Mot. at 11.

///

///

///

**CONCLUSION**

Based on the foregoing, the court ORDERS that this case be reassigned to a district judge.

The undersigned RECOMMENDS that Plaintiffs' motion be granted. The undersigned further RECOMMENDS that unpaid wages be awarded in the amount of $27,203.72 for each Plaintiff, that liquidated damages be awarded in the amount of $17,463.60 for each Plaintiff, that interest be awarded in the amount of $3,984.41 for each Plaintiff, that waiting time penalties be awarded in the amount of $1,938.46 for each Plaintiff, that non-compliant meal break premiums be awarded in the amount of $6,881.54 for each Plaintiff, and that non-compliant rest break premiums be awarded in the amount of $6,881.54 for each Plaintiff, for a total of $64,353.27 for each Plaintiff. This totals $127,706.54 for both Plaintiffs.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-02697 HRL Notice will be electronically mailed to:**

Huy Ngoc Tran   huy@lacasalegal.com, brisa@jawlawgroup.com, oriana@jawlawgroup.com, phung@jawlawgroup.com, tomas@jawlawgroup.com

Steven M. Cvitanovic   scvitanovic@hbblaw.com, jlassere@hbblaw.com

Tomas Eduardo Margain   Tomas@jawlawgroup.com, brisa@jawlawgroup.com, huy@jawlawgroup.com, margainlaw@hotmail.com, oriana@jawlawgroup.com, phung@jawlawgroup.com

Zachary W Shine   zshine@hbblaw.com, orobinson@hbblaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**